IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 3, 2019 Session

## NICOLA DALILI v. SAM A. DALILI

**Appeal from the Chancery Court for Knox County**
**No. 194595-2        Clarence E. Pridemore, Jr., Chancellor**

_____

**No. E2019-00371-COA-R3-CV**

_____

This is an appeal from a divorce proceeding. While the case was pending, the trial court ordered the parties to sell commercial property they owned. After a two-day bench trial, the trial court divided the parties' remaining marital estate. The wife appeals, arguing that the trial court denied her due process by ordering the sale of the commercial property and erred in dividing the marital estate. For the following reasons, we vacate and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated
and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which JOHN W. MCCLARTY, and THOMAS R. FRIERSON, II, JJ., joined.

Kevin W. Shepherd, Maryville, Tennessee, for the appellant, Nicola Dalili.

Nicholas D. Bunstine, Knoxville, Tennessee, for the appellee, Sam A. Dalili.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Sam A. Dalili ("Husband") and Nicola Dalili ("Wife") were married in June 2004 in Louisiana. The parties have two children and resided in Tennessee during the marriage. In 2017, Wife filed a complaint for divorce, and Husband filed a counter-complaint for divorce.

While the divorce was pending, Wife filed a "Motion for Order to Preserve Marital Asset," asserting that the parties jointly owned commercial property in Louisiana

and that a trust account should be established to receive the business income from the property. Wife subsequently filed a petition for contempt, alleging that Husband was attempting to sell the Louisiana property in violation of the automatic temporary injunctions that apply once a divorce complaint is filed and served. *See* Tenn. Code Ann. § 36-4-106(d). Husband filed a counter-petition for immediate sale of the Louisiana property, arguing that an immediate sale was necessary in order to save the parties from financial ruin.

A hearing was held on October 2, 2018. We do not have a transcript of the hearing in the record before us, but the trial court's written order from the hearing states, in pertinent part:

> This matter came to be heard on the 2nd day of October, 2018, before the Honorable Clarence E. Pridemore, Jr., Chancellor for the Knox County Chancery Court, Division II, upon the Defendant's Counter-Petition for Immediate Sale of the Louisiana Property, upon the arguments of counsel, and after hearing from the Defendant on direct examination, and prior to Plaintiff's counsel finishing his cross examination, the trial court stopped the proceeding and stated that he was ready to rule on Defendant's Motion, and upon Plaintiff's counsel['s] objection to same inasmuch as he had not put on all of his proof in opposition to the Motion, and upon the record as a whole, all of which the Court
> ORDERS, as follows.
> 1. That the Defendant's Counter-Petition for Immediate Sale of the Louisiana Property shall be granted.
> . . . .

The trial court ordered the parties to accept a pending offer to purchase the Louisiana property for $690,000. Each of the parties was to receive $25,000 from the proceeds of the sale, and the remainder was to be placed in a trust account pending the final hearing. The property was sold as ordered.

The parties stipulated to grounds for divorce, reached an agreement as to parenting issues, and did not seek alimony. The trial court held a two-day bench trial as to the marital property issues. A final decree of divorce was entered on February 1, 2019. In the order, the trial court valued the marital residence at $375,000 but found that Husband had "a separate interest in this property in the amount of $64,500.00." The trial court did not explain the nature of this "separate interest" or why it classified the interest as such. The trial court awarded all of the remaining assets or debts to one party or the other, but it did not provide any explanation for its decision or mention any of the statutory factors relevant to dividing a marital estate. Wife timely filed a notice of appeal.

## II. ISSUES PRESENTED

Wife presents the following issues, which we have slightly restated, for review on appeal:

1.    Whether the trial court denied Wife due process by prohibiting her from testifying at the pre-trial motion hearing and not allowing her counsel to fully cross-examine Husband regarding the sale of the commercial property;

2.    Whether the trial court erred in classifying Husband's $64,500 contribution toward the down payment on the marital home as separate property;

3.    Whether the trial court failed to make an equitable division of marital assets guided by the applicable statutory factors and supported by a preponderance of the evidence as indicated through findings of fact and conclusions of law.

For the following reasons, we vacate and remand for further proceedings.

## III. DISCUSSION

### A.    *Sale of the Commercial Property*

The first issue Wife raises is whether the trial court erred by stopping the pre-trial hearing and ordering the sale of the commercial property without allowing her to testify or permitting her counsel to finish cross-examining Husband. Wife alleges that such action violated her procedural due process rights. However, she candidly admits on appeal that she "knows of no practical remedy as a result of said ruling since the building was sold, other than asking this Court to find that such trial practice[] is a denial of her fundamental right."

"Tennessee courts follow self-imposed rules of judicial restraint so that they stay within their province 'to decide, not advise, and to settle rights, not to give abstract opinions.'" *Hooker v. Haslam*, 437 S.W.3d 409, 417 (Tenn. 2014) (quoting *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Co.*, 301 S.W.3d 196, 203 (Tenn. 2009)). An issue becomes moot if "the parties no longer have a continuing, real, live, and substantial interest in the outcome." *Id.* If the occurrence of a subsequent event "prevents the prevailing party from receiving meaningful relief in the event of a favorable judgment," the issue is moot. *City of Memphis v. Hargett*, 414 S.W.3d 88, 96 (Tenn. 2013).

Here, the trial court admittedly stopped the hearing abruptly and ordered the property sold, but the parties agree that the property was in fact sold in accordance with the trial court's order. At this stage, even if we believed that the trial court committed

reversible error, "it is unclear what meaningful relief lies within the power of this court to give" Wife at this point. *In re A.G.*, No. M2007-0799-COA-R3-JV, 2009 WL 3103843, at \*5 (Tenn. Ct. App. Sept. 28, 2009) (deeming an issue regarding a sentence moot when it had already been served). Counsel for Wife acknowledged during oral argument before this Court that his due process argument raised "an issue that I don't think we can resolve at this point." He also conceded that he made a "strategic" choice not to pursue an interlocutory appeal from the trial court's ruling regarding the sale of the property because he feared that doing so might cause a delay of the upcoming divorce trial.

This Court faced a similar situation in *Gleaves v. Gleaves*, No. M2007-01820-COA-R3-CV, 2008 WL 4922533, at \*3 (Tenn. Ct. App. Nov. 13, 2008), wherein a wife contended that the trial court erred in ordering the marital home sold at auction after initially telling the parties otherwise and considering that she wished to remain in the home with the children. We explained that "the property has already been sold and the proceeds distributed; consequently, it is unnecessary for us to decide this issue, since our ability to fashion appropriate relief in the event we found the court in error would be limited." *Id.*

For the same reasons, we deem Wife's due process argument moot and do not reach the merits of the issue on appeal.

### B.   Sufficiency of the Trial Court's Findings

Next, we turn to Wife's issues regarding the classification and division of the marital estate. The trial court found that Husband had "a separate interest" in the marital home valued at $64,500, but it did not provide any explanation for this classification. The trial court also failed to provide any justification for its division of the marital estate. It did not reference the statutory factors found in Tennessee Code Annotated section 36-4-121(c) or make any findings that would substantively align with those factors.[1]

---

[1] Tennessee Code Annotated section 36-4-121(c) provides:

(c) In making equitable division of marital property, the court shall consider all relevant factors including:
(1) The duration of the marriage;
(2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
(3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;
(4) The relative ability of each party for future acquisitions of capital assets and income;
(5)(A) The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;

Tennessee Rule of Civil Procedure 52.01 provides, in pertinent part, "In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." Such findings and conclusions are required "irrespective of whether a party specifically requests them." *Long v. Long*, No. E2018-01868-COA-R3-CV, 2019 WL 3986281, at *7 (Tenn. Ct. App. Aug. 23, 2019). This Court has repeatedly emphasized the importance of such findings "within the specific context of addressing the classification, valuation, and division of a marital estate." *Id.* (listing ten cases as examples). "'Simply stating the trial court's decision, without more, does not fulfill this mandate.'" *Id.* (quoting *Trezevant v. Trezevant*, 568 S.W.3d 595, 621-22 (Tenn. Ct. App. 2018)). "There is no bright-line test by which to assess the sufficiency of factual findings, but 'the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue.'" *Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013) (citing 9C *Fed. Practice & Procedure* § 2579, at 328). Otherwise, appellate courts are "left to wonder" about the basis for the trial court's decision. *Smith v. Smith*, No. E2017-00515-COA-R3-CV, 2017 WL 6467153, at *5 (Tenn. Ct. App. Dec. 18, 2017) (quoting *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009)).

"'Generally, the appropriate remedy when a trial court fails to make appropriate findings of fact and conclusions of law is to vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law.'" *Long*, 2019 WL 3986281, at *9 (quoting *Swafford v. Swafford*, No. E2017-00095-COA-R3-CV, 2018 WL 1410900, at *6 (Tenn. Ct. App. Mar. 21, 2018)). This Court has repeatedly found this remedy appropriate with respect to marital property issues. *See id.* "Even though the division of a marital estate is left to the trial court's discretion, the decision must be guided by a careful consideration of the relevant statutory factors." *Cox v. Cox*, No. E2016-01097-COA-R3-CV, 2017 WL 6517596, at *5 (Tenn. Ct. App. Dec. 20, 2017). "The equitable division of marital property is a fact-intensive inquiry, and in the absence of sufficient findings of fact and conclusions of law regarding the classification of all property at issue, we cannot determine whether the overall distribution of marital

. . . .
(6) The value of the separate property of each party;
(7) The estate of each party at the time of the marriage;
(8) The economic circumstances of each party at the time the division of property is to become effective;
(9) The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associated with the asset;
(10) In determining the value of an interest in a closely held business or similar asset, all relevant evidence, including valuation methods typically used with regard to such assets without regard to whether the sale of the asset is reasonably foreseeable. . . . .;
(11) The amount of social security benefits available to each spouse; and
(12) Such other factors as are necessary to consider the equities between the parties.

property . . . is equitable." *Swafford*, 2018 WL 1410900, at \*6. As such, we vacate the trial court's order and remand for findings of fact and conclusions of law pursuant to Tennessee Rule of Civil Procedure 52.01.

### C.    *Attorney Fees*

Finally, we note that both parties requested an award of attorney's fees on appeal in the conclusion sections of their appellate briefs. However, neither party mentioned appellate attorney's fees in the sections of their briefs containing the issues presented for review. Therefore, the issues are waived. *See, e.g.*, *In re Estate of Baker*, No. W2019-00229-COA-R3-CV, 2019 WL 6245740, at \*7-8 (Tenn. Ct. App. Nov. 22, 2019); *Jetmore v. City of Memphis*, No. W2018-01567-COA-R3-CV, 2019 WL 4724839, at \*15 (Tenn. Ct. App. Sept. 26, 2019); *Ash v. Ash*, No. M2018-00901-COA-R3-CV, 2019 WL 4231922, at \*6 (Tenn. Ct. App. Sept. 6, 2019); *Brunetz v. Brunetz*, 573 S.W.3d 173, 185-86 (Tenn. Ct. App. 2018) (holding both parties' requests for attorney's fees on appeal were waived for failure to include them in the statement of the issues).

### IV.    CONCLUSION

For the aforementioned reasons, we vacate the trial court's classification of the marital residence and its division of marital property and remand with instructions for the trial court to make specific findings of fact consistent with our analysis herein. Costs of this appeal are taxed equally to the appellant, Nicola Dalili, and to the appellee, Sam Dalili, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE